1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
9                        AT TACOMA

10   KATHY K. GIBBS,

11                  Plaintiff,                    Case No. 09-5114RJB/KLS

12        v.                                      ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION
13   MICHAEL J. ASTRUE, Commissioner of
     Social Security,
14
                   Defendant.
15

16        This matter comes before the Court on the Report and Recommendation by Magistrate

17   Judge Karen L. Strombom (Dkt. 27).  The Court has considered the relevant documents and the

18   remainder of the file herein.

19              **I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

20        On April 28, 2004, Plaintiff Gibbs filed applications for disability insurance and

21   supplemental security income ("SSI") benefits.  Dkt. 27, p. 1-2.  She alleged disability as of

22   December 1, 2000, due to anxiety, chronic fatigue, depression, migraine headaches, a nervous

23   stomach, and sweating problems.  Dkt. 27, p. 1-2.  The Plaintiff's applications were denied

24   initially and on reconsideration. Dkt. 27, p. 2.  On October 20, 2007, a hearing was held before

25   an administrative law judge ("ALJ"), at which Plaintiff, represented by counsel, appeared and

26   testified, as did a vocational expert.  *Id*.  On January 24, 2008, the ALJ issued a decision,

27   determining that Plaintiff was not disabled.  On January 9, 2009, Plaintiff's request for review

28

1   was denied by the Appeals Council, making the ALJ's decision the Commissioner's final

2   decision. *Id*.

3        On March 4, 2009, Plaintiff filed a complaint in district court seeking review of the

4   ALJ's decision.  Dkt. 27, p. 2.  Plaintiff argues that the ALJ's decision should be reversed and

5   remanded to the Commissioner for an award of benefits because the ALJ erred in evaluating the

6   medical evidence in the record, in assessing the Plaintiff's credibility, in evaluating the lay

7   witness evidence, in assessing the Plaintiff's residual functional capacity, and in finding that the

8   Plaintiff is capable of performing other work existing in significant numbers in the national

9   economy. Dkt. 27, p. 3.

10        On Marcy 8, 2010, Magistrate Judge Strombom issued a Report and Recommendation

11   which agreed that the ALJ erred in determining that Plaintiff was not disabled, but for reasons

12   which were different from the Plaintiff's assertions.  Dkt. 27, p. 3.  The Report and

13   Recommendation recommended that the ALJ's decision be reversed, and the matter remanded to

14   the Commissioner for further administrative proceedings.  *Id*.

15        Magistrate Judge Strombom specifically found the following:

16        (1)  the ALJ erred in evaluating Dr. Cosgrove's findings.  Dkt. 27, p. 7.

17        (2)  the ALJ erred in rejecting Dr. Crist's assessment of Plaintiff's mental health

18           status and erred in evaluating the opinions of medical sources in the record who

19           had mental health expertise.  Dkt. 27, p. 9-10.

20        (3) the ALJ erred by not giving any reasons for failing to adopt many of the

21           mental functional limitations Drs. Kuhner and Houck found, even though he had

22           afforded their opinions great weight.  Dkt. 27, p. 11.

23        (4) the ALJ did not fail to provide clear and convincing reasons for discounting

24           Plaintiff's credibility.  Dkt. 27, p. 13.

25        (5) the ALJ was required to provide germane reasons for rejecting the limitations

26           related by Plaintiff's mother.  Dkt. 27, p. 16.

27        (6) the ALJ erred in his assessment of Plaintiff's residual functional capacity and

28           Step Five analysis due to errors in evaluating the medical and lay witness evidence.  Dkt. 27, p. 17-18.

1    The Magistrate Judge concluded by finding that the "ALJ improperly concluded plaintiff was not

2    disabled, and should reverse the ALJ's decision and remand [the] matter to the Commissioner for

3    further administrative proceedings." Dkt. 27, p. 22.

4        The Defendant objects to only one finding by the Magistrate Judge, the opinions of Drs.

5    Kuhner and Houck. Dkt. 28, p. 2. The Defendant argues that the Magistrate Judge

6    misinterpreted the agency form at issue, SSA-4734-F4. *Id*. The Defendant requests that, if the

7    Court remands the case for further proceedings, the Court not include an erroneous instruction to

8    the agency in a remand order. *Id*. Plaintiff responds by asserting that Magistrate Judge

9    Strombom was correct in her finding and that the Report and Recommendation should be

10   adopted in its entirety. Dkt. 30, p. 3.

11                                    **II. DISCUSSION**

12   **A.  Review Standard**

13       The ALJ's decision denying the disability insurance benefits will be disturbed only if that

14   decision is not supported by substantial evidence or it is based upon legal error. *Tidwell v. Apfel*,

15   161 F.3d 599, 600 (9th Cir. 1998). Substantial evidence is "more than a mere scintilla. It means

16   such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

17   *Richardson v. Perales*, 4022 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Tidwell v.*

18   *Apfel*, 161 F.3d at 600. If the evidence admits of more than one rational interpretation, the Court

19   must uphold the Commissioner's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

20   **B.  Evaluation of Medical Evidence Standard**

21       The ALJ is responsible for determining credibility, resolving conflicts in medical

22   testimony, and resolving any other ambiguities that might exist. *Reddick v. Chater*, 157 F.3d

23   715, 722 (9th Cir. 1998); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the

24   evidence is susceptible to more than one rational interpretation, it is the ALJ's decision that must

25   be upheld. *Morgan v. Commissioner of the Social Security Administration,* 169 F.3d 595, 601

26   (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)*; Sample v. Schwiker*,

27   694 F.2d 639, 642 (9th Cir. 1982).

28       In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

1   "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725.  The ALJ can do this

2   "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

3   stating his interpretation thereof, and making findings." *Id*.  The ALJ also may draw inferences

4   "logically flowing form the evidence."  Sample, 694 F.2d at 642.  Further, the Court itself may

5   draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

6   F.2d 747, 755 (9th Cir. 1989).  The ALJ must only explain why "significant probative evidence

7   has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir.

8   1984).

9          As a general rule, more weight should be given to the opinion of a treating source than to

10  the opinion of doctors who do not treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

11  1995).  Where the treating doctor's opinion is not contradicted by another doctor, it may be

12  rejected only for "clear and convincing" reasons. *Id*.  Additionally, "clear and convincing"

13  reasons are required to reject the treating doctor's ultimate conclusions. *Id*.  Even if the treating

14  doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion

15  without providing "specific and legitimate reasons" supported by substantial evidence in the

16  record. *Id*.  However, the ALJ need not accept a treating physician's opinion which is brief and

17  conclusory in form with little in the way of clinical findings to support its conclusion.  Batson v.

18  Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004);

19  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  A non-examining physician's opinion

20  may constitute substantial evidence if "it is consistent with other independent evidence in the

21  record." *Lester*, 81 F.3d at 830-31.

22  **C. Analysis**

23         The Report and Recommendation found that the ALJ erred by not giving reasons for

24  failing to adopt many of the mental functional limitations Drs. Kuhner and Houck found, even

25  though the ALJ had afforded their opinions great weight.  The Magistrate Judge specifically

26  stated that the ALJ's assessment of Plaintiff's mental residual functional capacity fails to

27  adequately account for a number of the moderate limitations Drs. Kuhner and Houck found.

28  Dkt. 27, p. 11.

ORDER - 4

1    Defendant asserts that the mental residual functional form, SSA-4734-F4, completed by

2    Drs. Kuhner and Houck were correctly completed in accordance with the instructions printed on

3    the form, and that the ALJ correctly interpreted the form.  Dkt. 28, p. 2-3.  The Defendant states

4    that the ALJ relied on the opinions of Drs. Kuhner and Houck in resolving medical evidence, and

5    that the ALJ incorporated the opinions written in the "Functional Capacity Assessment" section

6    for the form, also referred to as the narrative section in this order, into his residual functional

7    capacity finding.  Dkt. 28, p. 3.  Thus, the Defendant argues, the ALJ interpreted the form

8    consistent with the instructions printed on the form.  *Id*.

9    Defendant also argues that the Report and Recommendation would require that the ALJ

10   adopt the moderate limitations identified in the "Summary Conclusions" section, which would be

11   a misinterpretation of the form.  Dkt. 28, p. 4.

12   Plaintiff contends that the Report and Recommendation is correct and that the Defendant

13   has failed to show how the narrative portion of the report incorporated each of the ten

14   "moderate" limitations.  Dkt. 30, p. 3.

15   The Defendant's argument is not persuasive.  First, the Report and Recommendation

16   does not require the ALJ to "adopt" the moderate limitations identified in the "Summary

17   Conclusions" section.  The Report and Recommendation states the ALJ's "assessment fails to

18   adequately account for a number of moderate limitations Dr. Kuhner and Dr. Houck found."

19   Dkt. 27, p. 11.  The Report and Recommendation only requires that the moderate limitations be

20   addressed by the ALJ, which was not done in this case.  It does not require that the ALJ "adopt"

21   or "incorporate" the Summary Conclusions section into his findings.

22   Second, the Report and Recommendation does not misinterpret the form.  The narrative

23   section instructions explicitly states, "Explain your summary conclusions in narrative form."  Tr.

24   195.  The two sections, the "summary conclusions" and "functional capacity assessment" or

25   narrative section, are inextricably linked.  Drs. Kuhner and Houck failed to adequately explain

26   the summary conclusions in the narrative section of the form.  Therefore, it would have been

27   error for the ALJ to adopt the statements in the narrative section of the form without explanation,

28   when the narrative section did not explain the summary conclusions.  The ALJ need not adopt

ORDER - 5

the summary conclusions as findings, but the ALJ should have, at the least, explained the deficiencies in the narrative section in relation to the summary conclusions.

For the foregoing reasons, the ALJ did err in explaining why he did not adopt many of the moderate limitations in Drs. Kuhner and Houck's report.  The Report and Recommendation should be adopted, and the matter reversed and remanded to the Commissioner for further administrative proceedings.

**III. ORDER**

The Court does hereby find and ORDER:

(1) The Report and Recommendation (Dkt. 27) is **ADOPTED**;

(2) The ALJ erred in his decision as described in the Report and Recommendation;

(3) The matter is therefore REVERSED and REMANDED to the Commissioner for further administrative proceedings; and

(4)  The Clerk is directed to send copies of this Order all counsel of record, any party appearing *pro se* at said party's last known address, and Magistrate Judge Strombom.

DATED this 6th day of April, 2010.

Robert J. Bryan
United States District Judge